COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-216-CR

DAVID BRUCE JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In three points, Appellant David Johnson appeals his conviction for possession of more than 200 grams but less than 400 grams of methamphetamine with intent to deliver.  We affirm.

BACKGROUND

On July 25, 2004, Tammy Thomas checked into room 319 at the Crowne Plaza Hotel in Arlington, Texas.  On July 26, at 2:00 p.m., approximately two hours after checkout time, the hotel manager, Randy Jones, attempted to contact the occupants of room 319 by knocking on the door and later by telephone; no one answered.  Jones noticed that the occupants had dead-bolted the door from the inside, indicating that they were still in the room.  At that time, Jones called the Arlington Police Department to check on the welfare of Thomas.

When the police arrived, Jones used a master key card to disengage the dead-bolt and a screwdriver to undo the security latch so that the police could enter the room.  The officers yelled out “Tammy” and “Arlington Police” several times without a response.  Once the officers entered the room, they noticed that Thomas and Appellant were asleep in bed.  The officers continued to yell out “Arlington Police.”  Again, there was no response.  Eventually, Thomas and Appellant woke up and complied with the officers’ directions.

The officers handcuffed both Thomas and Appellant for officer safety reasons.  Later, Officer DeWall placed Thomas under arrest because of an outstanding arrest warrant they had noticed on her record.  When asked for his name, Appellant identified himself as “Kip Lester”; however, the officers were unaware of this misidentification at the time of the incident.

The officers had found no contraband at this point and considered un-handcuffing Appellant, but before attempting to do so, Officer DeWall looked in the bathroom to see if there were any weapons that Appellant might use if given the opportunity.  Looking from the doorway, Officer DeWall noticed an unusual bag protruding from a pair of jean shorts.  She looked more closely and noticed that the large bag was filled with smaller, individual bags of white powder.  Upon later investigation, the officers also found a wallet in the shorts, which contained $1,212 cash and a credit card issued to “Kip Lester.”

After the officers discovered the white powdery substance, later found to be 261.14 grams of methamphetamine, they placed Thomas and Appellant at a table before proceeding with the investigation.  While at the table, they began to whisper to each other, even over the officers’ objections.  Officer DeWall testified that Appellant told Thomas not to talk to the police. At one point, Appellant told Thomas: “No matter what they say to or ask you, you did not have anything to do with this.”  Eventually, Thomas and Appellant were separated for failing to remain quiet.  Once separated, the officers read Thomas and Appellant their Miranda rights.  The officers then “froze” the scene and took both Thomas and Appellant to jail.  At this time, the officers performed a more extensive search and, on the bathroom counter and in a makeup bag located on the counter, found 13.70 grams of gamma-hydroxybutyrate (GHB), a glass pipe, a black straw, a glass vile that contained a white powdery substance, a bottle with assorted pills, and a butane lighter.
(footnote: 2)
 At trial, the jury found Appellant guilty.  Appellant pled true to an enhancement allegation,
(footnote: 3) and the trial court assessed punishment at twenty years’ confinement and a $1,000 fine.

SUFFICIENCY OF THE EVIDENCE

In his first two points, Appellant challenges the legal and factual sufficiency of the evidence to show that he possessed or was affirmatively linked to the methamphetamine.

Standard Of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence. 
 See
 
Tex. Code Crim. Proc. Ann. 
art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.  
Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); 
Bowden v. State
, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref’d).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust. 
 Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”  
Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.”  
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

Affirmative Link

To support a conviction for unlawful possession of a controlled substance, the State must affirmatively link the accused to the contraband by proving that the accused (1) exercised control, management, or care over the contraband and (2) knew the substance he possessed was contraband.  
See 
Tex. Health & Safety Code Ann. 
§ 481.002(38) (Vernon Supp. 2006), § 481.112(a) (Vernon 2003);
 Poindexter v. State
, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005); 
Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)
.  Under the “affirmative links” rule, when the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that he had knowledge of and control over it unless there are additional independent facts and circumstances which affirmatively link him to the contraband.  
Poindexter
, 153 S.W.3d at 406.  That is, the evidence must establish, to the requisite level of confidence, that the accused’s connection with the drug was more than just fortuitous.  
Id. 
at
 405-06; 
Tucker v. State
, 183 S.W.3d 501, 510 (Tex. App.—Fort Worth 2005, no pet.).

Affirmative links can be proven by direct or circumstantial evidence.  
Brown
, 911 S.W.2d at 747.  Factors we consider include (1) Appellant’s presence when the search was executed, (2) whether the drugs were in plain view, (3) Appellant’s proximity to and the accessibility of the drugs, (4) whether he was under the influence of narcotics when arrested, (5) whether he possessed other contraband or narcotics when arrested, (6) whether he made incriminating statements when arrested, (7) whether he attempted to flee, (8) whether he made furtive gestures, (9) whether there was an odor of the contraband, (10) whether other contraband or drug paraphernalia were present, (11) whether he owned or had the right to possess the place where the drugs were found, (12) whether the place where the drugs were found was enclosed, (13) whether he was found with a large amount of cash, and (14) whether his conduct indicated a consciousness of guilt.  
See Tucker
, 183 S.W.3d at 510.

The State did not base its affirmative links argument on nor present evidence of factors (4), (5), or (7)–(9).  However, the affirmative links test is determined by a totality of the circumstances, where the number of relevant factors is less significant than the logical force of the link they establish between the accused and the controlled substance.  
See Wootton v. State
, 132 S.W.3d 80, 87 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d); 
Hudson v. State
, 128 S.W.3d 367, 374 (Tex. App.—Texarkana 2004, no pet.).

Appellant concedes that factors (1) and (10)–(12) are supported by the evidence presented at trial.  However, Appellant argues that factors (2), (3), and (13) are not supported because the contraband was not in plain view, he was not in close proximity nor had access to the contraband, and he was not in possession of a large amount of cash when arrested.  The evidence presented at trial, however, showed that the 261.14 grams of methamphetamine was in the bathroom, sticking out of a pair of shorts while Appellant was asleep in a nearby bed.  While looking for weapons from the bathroom doorway, Officer DeWall
 
noticed the contraband in plain view and identified it as a white powdery substance.  Moreover, the officers found $1,212 cash in a wallet located in the same pair of shorts as the contraband.  While the wallet was not in Appellant’s possession, the wallet contained a credit card that had the same name printed on it that Appellant used to misidentify himself to the police, “Kip Lester.”

Appellant also argues that there was only “slight” evidence that he made incriminating statements or that his conduct showed a consciousness of guilt (factors 6 and 14).  Again, however, the record provides support for the jury’s finding.  Officer DeWall testified that Appellant told Thomas not to talk to the police and that, “No matter what they say to or ask you, you did not have anything to do with this.”  Also, Appellant misidentified himself as “Kip Lester.”  It is reasonable to conclude that the jury—the sole judge of the weight and credibility of the evidence—when presented with such testimony, could have found that Appellant appeared to have a guilty conscience and that his statements were incriminating.  Furthermore, the jury could have weighed the evidence of the cash, the large quantity of drugs, the proximity of the drugs in relation to Appellant, additional drugs found at the scene and their relationship with methamphetamine, and all other relevant circumstantial evidence to conclude that there were affirmative links between Appellant and the methamphetamine.  In other words, by weighing the evidence presented on nine of the fourteen affirmative link factors, the jury could have found that Appellant had more than a fortuitous link to the contraband.  
See Poindexter
, 153 S.W.3d at 406.

Viewing the evidence in the light most favorable to the verdict and resolving any inconsistencies in its favor, we conclude that there was legally sufficient evidence to support the jury’s verdict.  
See Curry
, 30 S.W.3d at 406; 
see also
 Tucker, 183 S.W.3d at 510–11 (holding that proximity and drugs in plain view were sufficient to establish affirmative link).  We overrule Appellant’s first point.

When viewing all the evidence in a neutral light, we conclude that the evidence is not so weak that the jury’s determination was clearly wrong and manifestly unjust.  In addition to all the evidence described above, the jury also heard testimony that would not support an affirmative links finding.  Specifically, Thomas testified on direct and later on cross-examination that the shorts containing the contraband were not Appellant’s but perhaps those of an unknown man who came into the room, showered, and later left without his shorts.  The jury, weighing this evidence and evaluating the witnesses’ credibility and demeanor, nevertheless found Appellant guilty of possession with intent to deliver.  In reviewing the entire record, the great weight of the evidence does not contradict the jury’s verdict.  Accordingly, we overrule Appellant’s second point.

EXTRANEOUS OFFENSE EVIDENCE

In his third point, Appellant complains that the trial court abused its discretion by admitting extraneous offense evidence in violation of Texas Rules of Evidence 404(b) and 403.

Standard of Review

The admissibility of evidence is within the discretion of the trial court and will not be overturned absent an abuse of discretion.  
Moses v. State
, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  That is to say, as long as the trial court’s ruling was within the zone of reasonable disagreement, the appellate court should affirm.  
Id
.; 
Montgomery v. State,
 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).  Whether extraneous offense evidence has relevance apart from character conformity, as required by Texas Rule of Evidence 404(b), is a question for the trial court.  
Moses
, 105 S.W.3d at 627.  An appellate court owes no less deference to the trial judge in making this decision than it affords the judge in making any other relevancy determination. 
 Id.; Montgomery
,
 
810 S.W.2d at 391. 
 When a trial court further decides not to exclude the evidence, finding that the probative value of the evidence is not outweighed by the danger of unfair prejudice, this decision too shall be given deference.  
Moses
, 105 S.W.3d at 627.

Rule 404(b)

Rule 404(b) provides that evidence of “other crimes, wrongs, or acts” in a criminal case is inadmissible to prove defendant acted in conformity with such other bad acts.  
Tex. R. Evid.
 404(b).  However, “other crimes, wrongs, or acts” are admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  
Id
.  The list provided in Rule 404(b) is illustrative rather than exhaustive.  
See Montgomery
, 810 S.W.2d at 387-88.  Evidence of extraneous transactions may be admitted in drug possession cases whenever they tend “to prove the requisite affirmative link to the contraband.”  
Brown v. State
, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995) (quoting 
Saenz v. State
, 843 S.W.2d 24, 27 (Tex. Crim. App. 1992)).

Appellant objects to the admission of extraneous offense evidence pertaining to other controlled substances and illegal narcotics found on the bathroom counter of the hotel room.  This evidence lends direct support to the tenth factor in the affirmative links analysis, which asks “
whether other contraband or drug paraphernalia were present.”  
See Tucker
, 183 S.W.3d at 510.  Because the extraneous offense evidence supports this factor, it ultimately tends to “prove the requisite affirmative link to the contraband.”
  
See Brown
, 911 S.W.2d at 748.  Accordingly, i
t was not an abuse of discretion to admit evidence of the other drugs and drug paraphernalia.  
See id
.

Rule 403

Appellant also argues that the extraneous offense evidence should not have been admitted under Rule 403 of the Texas Rules of Evidence.  Rule 403 states that otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.  
Tex. R. Evid.
 403.  There are four factors that should be considered in a Rule 403 balancing test:

(1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2) the potential the other offense evidence has to impress the jury “in some irrational but nevertheless indelible way”;

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; [and]

(4) the force of the proponent’s need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.  

Santellan v. State
, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997) (footnote omitted); 
Marc v. State
, 166 S.W.3d 767, 776 (Tex. App.—Fort Worth 2005, pet. ref’d).

Looking at probative value, the evidence of other drugs and controlled substances
(footnote: 4) makes it more probable that Appellant knowingly possessed methamphetamine with intent to deliver.  Again, this evidence supports the tenth factor in the affirmative links analysis, which tends to show that the connection between Appellant and the 261.14 grams of methamphetamine found in the bathroom was not incidental or fortuitous but rather intentional. Furthermore, because the evidence supporting the charged offense is far more damaging than that objected to at trial, it is not likely that such evidence would impress a jury in an irrational but nevertheless indelible way. 
 See Santellan
, 939 S.W.2d at 169; 
Marc
, 166 S.W.3d at 776.  Additionally, because the State spent relatively little time developing and discussing the extraneous offense evidence, the State gave it no undue weight.  And last, as stated above, the evidence supported and helped satisfy the affirmative links test.  It was necessary to prove a consequence of fact, specifically, that Appellant possessed the contraband with an intent to deliver.  Balancing these factors, we conclude that the trial court did not abuse its discretion by admitting the evidence under Rule 403.

Appellant also argues that the prejudicial effect of this evidence is “exacerbated” by the trial court’s failure to include a limiting instruction.  However, under Texas Rule of Evidence 105, when evidence is offered for a limited purpose, there must be a request for a limiting instruction.  
Tex. R. Evid.
 105.  Without such a request, the court’s action in admitting such evidence without limitation shall not be a ground for complaint on appeal.  
Id
. 
 We overrule Appellant’s third point of error.

CONCLUSION

Having overruled all of Appellant’s points of error, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b) 

DELIVERED:  September 27, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2: The pill bottle found on the bathroom counter contained, among other things, 9.74 grams of alprazolam (Xanax), in various pill forms; 1.01 grams of dihydrocodeinone (Vicodin); and 0.28 grams of methylenedioxymethamphetamine (Ecstasy).  Appellant was not charged with possession of GHB or any other controlled substance found on the bathroom counter or in the makeup bag, but rather the 261.14 grams of methamphetamine found in the pair of men’s shorts on the bathroom floor.

3: Prior to the incident, Appellant was convicted of the felony offense of vehicle theft, $750-$20,000. 

4: Hershel Tebay, Commander of the Fort Worth Narcotics Unit, testified that a depressant type drug, like GHB or Xanax, is commonly taken at the end of a “meth run” to help the drug user sleep.